HARRY DICK, PLAINTIFF-RESPONDENT, v. THEODORE DORMAN, AND LOUIS FAST, MOE FAST AND HERMAN FAST, INDIVIDUALLY AND PRACTICING AS FAST & FAST, DEFENDANTS-APPELLANTS.

Submitted May 6, 1941—Decided August 1, 1941.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-respondent, *Bozza & Bozza* (*Samuel D. Bozza,* of counsel).

For the defendants-appellants, *Fast & Fast* (*Herman L. Fast,* of counsel).

The opinion of the court was delivered by

COLIE, J.  Plaintiff entered into a contract with defendant Theodore Dorman on January 13th, 1936, whereby he agreed to purchase for $500 the dairy concession then operated by Dorman at 330 Townsend street, New Brunswick, New Jersey, and in accordance with the terms of payment therein provided, paid a deposit of $100 to Fast & Fast, the attorneys of Dorman to be held until the time of closing the transaction. The suit was to recover back the $100 on the ground that defendants had breached the preliminary contract as regards the language of the proposed lease.  The written contract put in evidence provided, *inter alia:* that a "lease shall be prepared by Fast & Fast, attorneys of said landlord, in the form usually prepared for such concessions, a copy of such form having been presented to the party of the second part (plaintiff herein) and he having approved the same."  The form itself was not put in evidence, but the state of case as settled by the court sets forth that "plaintiff testified that the form of lease presented to him on the signing of *Exhibit 'P-1'* (the contract of January 13th, 1936) and referred to therein, did not contain any provision giving the defendant the right to control plaintiff's selling prices and neither the defendant nor his attorney denied said statement."  The lease presented to plaintiff at the abortive closing and which he refused to accept contained a clause reading:  "The tenant will at all times comply with and carry out the rules and policies of the Market as laid down in the operation and conduct of the same by the lessor," and the trial court found as a fact that the preliminary form of lease approved by the plaintiff, Harry

Dick, did not contain the clause last above quoted and based its decision on the ground that the clause in the "form * * * presented to" Dorman "could only have reference to the terms and conditions under which the premises were to be leased and was confined and related to the use of said premises and did not refer to the management, control or operation of plaintiff's business." In other words, the language of the lease presented by defendant was altogether too broad.

With this construction of the clause in question, we agree. To broaden it to permit the lessor to regulate the prices at which the tenant should sell his products would put the control of the business in the hands of the lessor; an unusual procedure in the extreme.

The judgment appealed from is affirmed, with costs.